UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT D. JOHNSON, II,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:18-CV-527-JD-MGG

OPINION AND ORDER

Robert D. Johnson, II, a prisoner without a lawyer, filed an amended habeas corpus petition[1] challenging a disciplinary hearing (ISP 18-03-0270) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a cell phone in violation of Indiana Department of Correction (IDOC) offense A-121. (ECF 15; ECF 17.) As a result, he was sanctioned with the loss of 90 days earned credit time and a demotion in credit class. (*Id.*)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

---

[1] Johnson sought leave to amend his petition, which this court granted. (ECF 12; ECF 14.) The Clerk then filed his amended petition. (ECF 15). The Warden responded to the amended petition. (ECF 16.) Thereafter, Johnson filed another amended petition without first seeking leave of court. (ECF 17). That amended petition, however, alleges essentially the same grounds as the amended petition that Johnson was granted leave to file. Accordingly, the two amended petitions will be addressed together.

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one of his petition, Johnson argues that evidence used against him was not logged in the manner required by the Indiana Department of Correction policy and, as a result, he was confused with another prisoner. According to Johnson, the IDOC's own policies require that the evidence card contain the date that the item was found, a description of the evidence, the location where the item was found, the suspect's name, DOC number and title, the name of the staff member logging the item, and the date of destruction. The evidence card here was not filled out properly in that it did not initially contain either Johnson's DOC number or his first name. The shake down occurred around 7:15 a.m. and was concluded by approximately 7:30 a.m. The evidence card was turned in to Officer Purnell at 8:00 a.m. When an entry was made at 12:00 p.m., Johnson's DOC number was not on the card. At 12:30 p.m., Officer Pernell made another entry on the evidence card and Johnson's DOC number was added. To the extent that Johnson is claiming that he is entitled to habeas relief because IDOC policy was not followed, he is incorrect. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

To the extent that Johnson is arguing that there was insufficient evidence to find him guilty,[2] his claim will be considered further. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report, signed at 8:35 a.m. on March 16, 2018, and identifying the place of the incident as CCH E 224, charged Johnson as follows:

> On March 16, 2018 at approximately 7:15am, I was conducting a shakedown of Offender Johnson, Robert's DOC #137290 cell and found a cellular telephone housed in a cut out hole of a stack of white paper that was on a clipboard. The clipboard was on top of the television which was on his cabinet.

---

[2] Earlier in these proceedings, Johnson denied that he was making a sufficiency of the evidence argument. (ECF 8.) Johnson, however, has now raised that ground in his amended petition (ECF 15), but he does not develop this claim. Nonetheless, the claim will be addressed.

3

(ECF 7-1 at 1.) While Johnson's DOC number does not appear on both pictures of the evidence card, his cell number, CCH E 224, does appear on both pictures, and matches the cell number on the conduct report. (ECF 7-3; ECF 7-4.) Johnson was subsequently charged and convicted of violating IDOC A-121, which prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." (ECF 7-12 at 1.) Possession is defined in the Disciplinary Code for Adult Offenders as follows:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last visited July 15, 2019).

The DHO had sufficient evidence to find Johnson guilty of this offense. The Conduct Report and the pictures contained sufficient information to find Johnson guilty. While the failure to follow the IDOC's procedures for how an evidence card should be completed increases the possibility that an error occurred here, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Webb*, 224 F.3d at 652-53 (7th Cir. 2000). It requires only some evidence. It was not arbitrary for the DHO to conclude that Johnson

possessed a cell phone given that Officer Burke's conduct report and the evidence card both linked the confiscated cell phone to Johnson's cell. While Johnson denies that he committed the offense, the DHO was not required to credit his version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, the court concludes that the DHO's finding that Johnson was guilty was neither arbitrary nor unreasonable in light of these facts.

If Johnson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Robert D. Johnson, II's amended petition for writ of habeas corpus (ECF 15; ECF 17) is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on July 16, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT